| | |
|---|---|
| CORNERSTONE SYSTEMS, INC., <br><br>         Plaintiff, <br><br> v. <br><br> PRESTRESS SERVICES INDUSTRIES OF TENNESSEE, LLC, <br><br>         Defendant. | No. 2:15-cv-02255-JPM-cgc |

## ORDER DENYING DEFENDANT'S MOTION TO TRANSFER VENUE

Before the Court is Defendant Prestress Services Industries of Tennessee, LLC's Motion to Transfer Venue, filed on January 5, 2016. (ECF No. 16.) For the following reasons, the Court DENIES the Motion.

## I. BACKGROUND

### A. Factual Background

Plaintiff Cornerstone Systems, Inc. ("Cornerstone" or "Plaintiff") brought suit against Defendant Prestress Services Industries of Tennessee, LLC ("PSI" or "Defendant") on March 16, 2015. (Compl., ECF No. 1-1.) Plaintiff asserts that Defendant defaulted under the terms of an Agreement for Hauling Product to Ole Miss Parking Garage in Oxford, Mississippi, from Memphis, Tennessee (the "Agreement"). (Id. ¶ 5.) Plaintiff asserts that Defendant has breached the Agreement by failing to pay the

outstanding balance of $137,060.00 owed to Plaintiff. (<u>Id.</u>
¶¶ 11-12.) Plaintiff seeks damages in the amount of the
outstanding balance and any other relief to which it is
entitled. (<u>Id.</u> at 3.)

**B.   Procedural Background**

On March 16, 2015, Plaintiff filed a Complaint in the
Chancery Court of Shelby County, Tennessee. (Compl., ECF No.
1-1.) Defendant was served with the Complaint on March 20, 2015
(<u>see</u> ECF No. 1-2) and filed a notice of removal to the U.S.
District Court for the Western District of Tennessee on April
17, 2015 (ECF No. 1). Defendant filed its Answer on April 24,
2015. (ECF No. 7.)

On January 5, 2016, Defendant filed the instant Motion to
Transfer Venue to the Northern District of Mississippi. (ECF
No. 16.) Plaintiff responded in opposition on January 19, 2016.
(ECF No. 17.)

On May 19, 2016, Defendant filed a motion for summary
judgment. (ECF No. 36.) Plaintiff responded in opposition on
June 20, 2016. (ECF No. 41.) This motion remains pending.

On June 7, 2016, Judge Samuel H. Mays, Jr. ordered
Defendant to submit evidence of the parties' citizenship for
jurisdictional purposes. (ECF No. 37.) Defendant filed a
response in compliance with the order on June 9, 2016. (ECF No.

38.)  On June 15, this Court received the case on transfer.
(ECF No. 39.)

## II.  LEGAL STANDARD

"For the convenience of parties and witnesses, in the
interest of justice, a district court may transfer any civil
action to any other district or division where it might have
been brought . . . ."  28 U.S.C. § 1404(a).  "As the permissive
language of the transfer statute suggests, district courts have
'broad discretion' to determine when party 'convenience' or 'the
interest of justice' make a transfer appropriate."  Reese v. CNH
Am. LLC, 574 F.3d 315, 320 (6th Cir. 2009); see Norwood v.
Kirkpatrick, 349 U.S. 29, 32 (1955).

In determining whether to transfer a case under § 1404(a),
the court must first determine whether the claim could have been
brought in the transferee district.  28 U.S.C. § 1404(a)
(allowing transfer to any other district in which the claim
"might have been brought").  Once the court has made this
threshold determination, the court must then determine whether
party and witness "convenience" and "the interest of justice"
favor transfer to the proposed transferee district.  See Reese,
574 F.3d at 320; One StockDuq Holdings, LLC v. Becton, Dickinson
& Co., No. 2:12-cv-03037-JPM-tmp, 2013 WL 1136726, at *2 (W.D.
Tenn. Mar. 18, 2013).  In weighing these statutory factors, the
court may still consider the private- and public-interest

3

factors set forth in the pre-Section 1404(a) case, <u>Gulf Oil v. Gilbert</u>, 330 U.S. 501, 508-09 (1947), but courts are not burdened "with preconceived limitations derived from the forum non conveniens doctrine." <u>Norwood</u>, 349 U.S. at 31 (quoting <u>All States Freight v. Modarelli</u>, 196 F.2d 1010, 1011 (3d Cir. 1952)).

A plaintiff has the privilege of selecting an advantageous venue so long as it is consistent with jurisdictional and venue limitations. <u>Atl. Marine Constr. Co. v. U.S. Dist. Court for the W. Dist. of Tex.</u>, 134 S. Ct. 568, 581 (2013). Although there is a strong presumption in favor of the plaintiff's choice of forum under the doctrine of forum non conveniens, under § 1404(a), a plaintiff's choice of forum is entitled to less deference. Discussing the difference between the common-law doctrine of forum non conveniens and the federal transfer-of-venue statute in <u>Norwood</u>, the Supreme Court stated,

> When Congress adopted § 1404(a), it intended to do more than just codify the existing law on forum non conveniens. . . . [W]e believe that Congress, by the term "for the convenience of parties and witnesses, in the interest of justice," intended to permit courts to grant transfers upon a lesser showing of inconvenience. This is not to say that the relevant factors have changed or that the plaintiff's choice of forum is not to be considered, but only that the discretion to be exercised is broader.

<u>Norwood</u>, 349 U.S. at 32; <u>see also</u> <u>Lemon v. Druffel</u>, 253 F.2d 680, 685 (6th Cir. 1958) ("The choice of the forum by the

petitioner is no longer as dominant a factor as it was prior to the ruling in Norwood v. Kirkpatrick[.]").

Defendant's burden under § 1404(a) is to demonstrate by a preponderance of the evidence that a change of venue to the transferee district is warranted. See Esperson v. Trugreen Ltd. P'ship, No. 2:10-cv-02130-STA-cgc, 2010 WL 4362794, at *4 (W.D. Tenn. Oct. 5, 2010), adopted by 2010 WL 4337823 (W.D. Tenn. Oct. 27, 2010). "Merely shifting the inconvenience from one party to another does not meet Defendant's burden." McFadgon v. Fresh Mkt., Inc., No. 05-2151-D/V, 2005 WL 3879037, at *2 (W.D. Tenn. Oct. 21, 2005). "[T]he movant must show that the 'forum to which he desires to transfer the litigation is the more convenient one vis a vis the plaintiff's initial choice.'" Roberts Metals, Inc. v. Fla. Props. Mktg. Grp., Inc., 138 F.R.D. 89, 93 (N.D. Ohio 1991) (quoting Mead Corp. v. Oscar J. Boldt Constr. Co., 508 F. Supp. 193, 198 (S.D. Ohio 1981)), aff'd per curiam, 22 F.3d 1104 (6th Cir. 1994) (unpublished table decision).

## III. ANALYSIS

Defendant seeks a transfer of venue to the Northern District of Mississippi because Defendant has filed an action involving common issues of fact in said district ("the Mississippi action") against the general contractor and owner of a construction project (the "Project") for which Defendant had

5

contracted Plaintiff to deliver materials. (ECF No. 16-1 at 1-3.) Defendant filed the Mississippi action after the general contractor and owner failed to resolve unpaid claims for payment, including claims by Plaintiff. (See id. at 2-3.) Defendant asserts that its payment to Plaintiff is contingent on payment by the general contractor and owner of the Project to Defendant itself. (Id. at 3.) Thus, Defendant asserts that "[r]esolution of the Mississippi action necessarily affects Cornerstone's present action." (Id.)

Defendant asserts that both private and public interests are in favor of transfer. (Id. at 6-11.) Plaintiff argues that a transfer of venue to the Northern District of Mississippi would not serve any policies that typically justify transfer. (ECF No. 17 at 4-11.) The Court finds that a transfer of venue is not warranted and denies Defendant's motion.

### A. Proper Venue

As an initial matter, the Court finds that venue is proper in the Western District of Tennessee.[1] See 28 U.S.C. § 1391(b)(2) (venue is proper in "a judicial district in which a substantial part of the events or omissions giving rise to the

---

[1] Defendant denies that venue is proper in the Western District of Tennessee. (See Answer ¶ 4, ECF No. 7; Compl. ¶ 4.) Defendant's motion to transfer venue, however, is brought pursuant to 28 U.S.C. § 1404(a) and not § 1406(a), which suggests that, although Defendant believes another venue to be preferable, the Western District of Tennessee is a proper venue. Compare 28 U.S.C. § 1404(a) (assuming venue is proper in transferor court) with 28 U.S.C. § 1406(a) (stating that a case brought in the wrong district shall either be dismissed or transferred to a district in which it could have been brought).

claim occurred"). Plaintiff's services, as provided under the Agreement, originate in the district, and there is no indication that the Agreement was executed in any other district. (See ECF No. 1-1 at PageID 10.)

Next, the Court considers whether the Northern District of Mississippi would also have been a proper venue if the instant action had been initiated there. See 28 U.S.C. § 1404(a). Defendant asserts that Plaintiff could have brought this action "in the Northern District of Mississippi because a substantial part of the events giving rise to this action occurred in that judicial district." (ECF No. 16-1 at 5; see 28 U.S.C. § 1391(b)(2).) Plaintiff does not appear to dispute this assertion.[2] The Court agrees with Defendant that the instant action could have been brought in the Northern District of Mississippi.

Therefore, the only issue remaining is whether the balance of the statutory factors – the convenience to the parties, the convenience to the witnesses, and the interest of justice – favors transfer to the Northern District of Mississippi. The Court will first address each statutory factor separately and then weigh these factors to determine whether transfer to the

---

[2] Plaintiff states that the Court must determine whether statutory factors favor transfer only after determining the threshold issue that venue is proper in the transferee court. (See ECF No. 17 at 3-4.) Plaintiff makes no argument as to whether venue is proper in the Northern District of Mississippi and proceeds to argue only that the statutory factors do not favor a transfer of venue. (See id. at 4-11.)

Northern District of Mississippi is proper pursuant to
§ 1404(a).

**B.   Convenience to Parties**

"A defendant who moves for a transfer under § 1404(a) is
required to show both that the original forum is inconvenient
for it and that the plaintiff would not be substantially
inconvenienced by the transfer." Aultman, Tyner & Ruffin, Ltd.
v. Capital Rubber & Specialty Co., Civil Action No.
2:10cv223KS-MTP, 2011 WL 213471, at *11 (S.D. Miss. Jan. 21,
2011).  Factors related to the convenience of the parties
include "relative ease of access to sources of proof . . . and
all other practical problems that make trial of a case easy,
expeditious and inexpensive." Atl. Marine, 134 S. Ct. at 581
n.6.  The Court finds that the location of sources of proof is
a neutral factor and that the financial hardships associated
with litigation in Plaintiff's chosen forum do not weigh in
favor of a transfer of venue.

**1. Location of Sources of Proof**

Defendant asserts that "[t]he majority of known,
potentially relevant documents . . . are located outside of
Tennessee" in Kentucky, Ohio, and the Northern District of
Mississippi.  (ECF No. 16-1 at 9 (citing Abnee Decl. ¶ 14, ECF
No. 16-7).)  Plaintiff argues that Defendant has not established
that it would be difficult for any relevant documents to be used

8

in Tennessee. (ECF No. 17 at 6.)[3] When "[n]othing in the record indicates that 'the documents are so voluminous that their shipment will impair the parties' ability to conduct a trial in this district[,] . . . . the location of documents should be considered a neutral factor." Ajose v. Interline Brands, Inc., No. 3:14-cv-1707, 2015 WL 5773080, at *3 (M.D. Tenn. Sept. 30, 2015); Siteworks Sols., LLC v. Oracle Corp., No. 08-2130-A/P, 2008 WL 4415075, at *4 (W.D. Tenn. Sept. 22, 2008) ("[Defendant] has failed to show that transporting the documents . . . would cause a specific hardship."). The location of documents should also be considered a neutral factor "[i]n the modern era of photocopying, scanning, fax machines, e-mail, overnight delivery services, etc." Watermark Solid Surface, Inc. v. Sta-Care, Inc., No. 3:07-0993, 2008 WL 2485612, at *6 (M.D. Tenn. June 17, 2008) (alteration in original). Defendant has not asserted a quantity of documents that would impede transport so much that this factor would weigh in favor of transfer to the Northern District of Mississippi. Thus, the Court finds that the location of sources of proof is a neutral factor.

---

[3] Plaintiff also argues that documents from third parties, which Defendant also asserts are located in Mississippi (see ECF No. 16-1 at 9), are unlikely to even be relevant in the instant litigation. (ECF No. 17 at 6.)

### 2. Financial Hardships Attendant to Litigating in the Chosen Forum

Defendant asserts that expenses associated with litigating in this district "could be detrimental." (ECF No. 16-1 at 7-8.) Plaintiff argues that Defendant is an Ohio entity with its principal place of business in Kentucky and would incur travel expenses regardless of a transfer of venue. (ECF No. 17 at 8.) Plaintiff further argues that its travel expenses would necessarily increase if the instant case were transferred because Plaintiff is a Tennessee corporation with its principal place of business in Memphis, Tennessee, in the Western District of Tennessee. (Id.) "[T]he relative ability of litigants to bear expenses in any particular forum" is one factor that this Court has considered in § 1404(a) cases. B.E. Tech., 2013 WL 3166620, at *10 (quoting Ellipsis, Inc. v. Colorworks, Inc., 329 F. Supp. 2d 962, 970 (W.D. Tenn. 2004)). When asserting financial hardships, the parties should state them with specificity. See id. ("[Plaintiff's] CEO stated that the company will incur additional expenses, but it has not shown with any specificity how detrimental those expenses would be to the company."). When "the evidence presented is insufficient to make a showing that [a party] will be adversely affected by litigating in either forum[,] [t]he paramount consideration

remains whether the [transferee forum] is <u>more convenient</u> to the parties than [Plaintiff's] chosen forum." <u>Id.</u>

While both parties argue that they will experience hardships because of travel to the opposing party's choice of venue, neither party describes specifically the significance of the asserted hardships in terms of time loss or monetary expense, or asserts that it will be unable to bear such costs. <u>Cf. id.</u> (considering a party's ability to bear costs in an undesirable forum as non-dispositive evidence only).  Defendant has failed to demonstrate that a transfer of venue will be more convenient to both parties as compared to the venue Plaintiff has chosen.  While the Northern District of Mississippi is more convenient for Defendant than the Western District of Tennessee, it does not appear to be more convenient for Plaintiff. Accordingly, the financial hardships factor does not support a transfer of venue.

### C.   Convenience to Witnesses

"The convenience of the witnesses 'is perhaps the most important factor in the transfer analysis.'" <u>Ajose</u>, 2015 WL 5773080, at *3 (quoting <u>Steelcase, Inc. v. Smart Techs., Inc.</u>, 336 F. Supp. 2d 714, 720 (W.D. Mich. 2004)).  While convenience to party witnesses is an important consideration, "[i]t is the convenience of non-party witnesses, rather than employee witnesses . . . that is the more important factor and is

accorded greater weight." <u>Steelcase</u>, 336 F. Supp. 2d at 721
(alteration in original) (quoting <u>Gundle Lining Constr. Corp. v.</u>
<u>Fireman's Fund Ins. Co.</u>, 844 F. Supp. 1163, 1166 (S.D. Tex.
1994)).  The Court finds that convenience to witnesses does not
weigh in favor of transfer to the Northern District of
Mississippi.

Defendant asserts that "a majority of [intended] witnesses"
resides in or near the Northern District of Mississippi and that
"the majority of non-party witnesses" are not located in the
Western District of Tennessee.  (ECF No. 16-1 at 8.)  Defendant
also asserts that certain non-party witnesses "essential to
[its] defenses" are located in Mississippi.  (<u>Id.</u>)  Plaintiff
argues that Defendant has not identified specific witnesses who
would not attend or would be severely burdened by litigation in
the Western District of Tennessee.  (ECF No. 17 at 8-9 (citing
<u>Esperson</u>, 2010 WL 4362794, at *8).)  Plaintiff asserts that non-
party witnesses who Defendant admits were present during a
conversation relevant to Defendant's defense reside in
Tennessee, not Mississippi.  (ECF No. 17 at 9-10 (citing Ex. A,
Def.'s Resp. to Pl.'s Req. for Admis., ECF No. 17-1).)

When asserting that a transferee district is more
convenient for witnesses, a party "must produce evidence
regarding the precise details of the inconvenience" of the forum
chosen by the plaintiff.  <u>Esperson</u>, 2010 WL 4362794, at *8.  To

satisfy its burden, the movant must do "more than simply assert[] that another forum would be more appropriate for the witnesses; 'he must show that the witnesses will not attend or will be severely inconvenienced if the case proceeds in the forum district." Id. (quoting Roberts Metals, Inc., 138 F.R.D. at 93 (internal quotation marks omitted)). Defendant has offered no evidence that witnesses would not attend proceedings in the Western District of Tennessee. As Plaintiff argues, Defendant has also failed to demonstrate that it could not compel non-party witnesses to attend. (Id. at *10.) The witnesses Defendant asserts are essential are likely located within 100 miles of the federal courthouse in Memphis, Tennessee,[4] and could be subpoenaed to give testimony or attend hearings or trial. (Id. (citing Fed. R. Civ. P. 45(c)(1)(A)[5]).)

In addition, "the party asserting that the forum is inconvenient for witnesses should 'proffer, by affidavit or otherwise, sufficient details respecting the witnesses and their potential testimony to enable the court to assess the

_____

[4] Pursuant to Rule 201 of the Federal Rules of Evidence, the Court takes juridical notice of the facts that (1) Memphis, Tennessee, is located in the Western District of Tennessee and (2) Oxford, Mississippi, is located within 100 miles of the federal courthouse in Memphis. According to Plaintiff, certain parties involved in the Mississippi action are located in Oxford. (ECF No. 17 at 10.)

[5] Subpoenas are issued by the court where the action is pending. Fed. R. Civ. P. 45(a)(2). If compliance is to take place in a different court, the other court may transfer a subpoena-related motion to the issuing court with the consent of the individual subject to the subpoena or if exceptional circumstances exist. Fed. R. Civ. P. 45(f). In this case, this Court is the issuing court; the United States District Court for the Northern District of Mississippi would be a court where compliance is required.

13

materiality of evidence and the degree of inconvenience.'"  One
StockDuq, 2013 WL 1136726, at *4 (quoting Eaton v. Meathe, No.
1:11-cv-178, 2011 WL 1898238, at *3 (W.D. Mich. May 18, 2011)).
"[I]t is the 'materiality and importance of the testimony of
prospective witnesses . . .' that is crucial to this inquiry."
Id. (quoting Rinks v. Hocking, No. 1:10-cv-1102, 2011 WL 691242,
at *3 (W.D. Mich. Feb. 16, 2011)).  Defendant has not offered
the requisite details about the witnesses for whom litigation in
the Western District of Tennessee would be inconvenient or about
the materiality of their testimony.

    Thus, because Defendant has failed to support its
convenience argument with sufficient evidence and because
§ 1404(a) "provides for transfer to a more convenient forum, not
to a forum likely to prove equally convenient or inconvenient,"
Van Dusen v. Barrack, 376 U.S. 612, 645-46 (1964), convenience
to witnesses does not weigh in favor of transfer.

    **D.    Interests of Justice**

    The "interest of justice" factor has been interpreted
broadly by courts, influenced by the individualized
circumstances of each case.  One StockDuq, 2013 WL 1136726, at
*2 (citing Cincinnati Ins. Co. v. O'Leary Paint Co. 676 F. Supp.
2d 623, 633 (W.D. Mich. 2009)).  "Public-interest factors may
include 'the administrative difficulties flowing from court
congestion; the local interest in having localized controversies

14

decided at home; [and] the interest in having the trial of a diversity case in a forum that is at home with the law.'" Atl. Marine, 134 S. Ct. at 581 n.6 (alteration in original) (quoting Piper Aircraft Co. v. Reyno, 454 U.S. 235, 241 n.6 (1981)); see also Esperson, 2010 WL 4362794, at *5 (quoting Gulf Oil, 330 U.S. at 508-09). The public-interest factors in this case relate to the filing of the Mississippi action in the Northern District of Mississippi; these factors are the local interest and administrative difficulties. (ECF No. 16-1 at 10-11; ECF No. 17 at 5-7.)

Defendant asserts that there is a strong local interest in litigating this case in the Northern District of Mississippi because the owner of the Project and the Project itself are located there. (ECF No. 16-1 at 10.) Defendant admits, however, that "the citizens of the Western District of Tennessee could possibly have an interest in whether a breach of contract occurred in their district." (Id.) Defendant also admits that preliminary written discovery has occurred in Tennessee. (Id.) It is likely that both districts are home to relevant documents and witnesses, and both districts at issue have a local interest based on the Agreement. Thus, the Court finds that neither district's local interest is stronger than the other's.

As to the administrative difficulties factor, Defendant asserts that the Mississippi action and the instant action

"involve the same claims related to lack of payment and delays on the Project, relying upon the same basic legal theories." (ECF No. 16-1 at 11.) Defendant also argues that transfer will prevent inconsistencies between the two actions. (Id.) Plaintiff asserts that Defendant's filing of the Mississippi action after Plaintiff filed the instant action does not justify transfer "because the two cases involve different parties and unrelated claims." (ECF No. 17 at 5.)

"The fact that a related case is pending in a proposed transferee district is a 'powerful reason to grant a motion for a change of venue.'" Sofamor Danek Holdings, Inc. v. U.S. Surgical Corp., No. 98-2369-GA, 1998 WL 1021750, at *3 (W.D. Tenn. Nov. 16, 1998) (quoting Supco Auto Parts, Inc. v. Triangle Auto Spring Co., 538 F. Supp. 1187, 1191 (E.D. Pa. 1982)); see also Networks USA V Inc., v. Walgreen Co., No. 12-2273-STA-tmp, 2012 WL 2368829, at *3 (W.D. Tenn. June 21, 2012) ("the interests of justice are served by allowing the same judge to hear two cases with similar legal and factual issues" (citing Reese, 574 F.3d at 320)). The policies that typically justify transfer to a district where a related case is pending include more efficient pretrial discovery, convenience to witnesses, avoidance of duplicitous litigation, and avoidance of inconsistent results. Sofamor, 1998 WL 1021750, at *3 (quoting Blanning v. Tisch, 378 F. Supp. 1058, 1061 (E.D. Pa. 1974)).

Like in <u>Sofamor</u>, analysis of the facts of the instant litigation does not support a transfer of venue. Plaintiff asserts, for example, that "[p]retrial discovery is nearly complete in this case and has barely begun in the Mississippi action." (ECF No. 17 at 6.) Plaintiff also asserts that there is no risk of duplicitous litigation or inconsistent results because other contracts and business relationships that Defendant may have had are irrelevant to Defendant's obligations under the Agreement at issue. (<u>Id.</u> at 6-7.) The instant case is distinguishable from <u>Networks</u>, in which the court granted a transfer of venue in part because the two related cases involved the same parties and the same lease. 2012 WL 2368829, at *3. Plaintiff is not a party in the Mississippi action, nor does the Mississippi action concern Plaintiff and Defendant's dispute over the Agreement.

Thus, because both districts have a local interest and because the Mississippi action is not sufficiently related to the instant action, the Court finds that the interest of justice factor does not weigh in favor transfer.

**IV.  CONCLUSION**

For the foregoing reasons, the Court finds that, in balancing the statutory factors, Defendant has not demonstrated that the Northern District of Mississippi is a more convenient forum than the Western District of Tennessee. No private or

public interest factor favors a transfer of venue.  Thus,

Defendant's Motion to Transfer Venue is DENIED.

　　　　**IT IS SO ORDERED**, this 7th day of July, 2016.


　　　　　　　　　　　　　　　　/s/ Jon P. McCalla
　　　　　　　　　　　　　　　　JON P. McCALLA
　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE